[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-12505
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00046-CR-001-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM SHAMONE LEWIS,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

-----------------------------------------------------------------

**(January 18, 2008)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant William Lewis appeals his convictions for possession

with intent to distribute marijuana and possession of a firearm during and in

relation to a drug trafficking crime.  Lewis contends that the district court erred in

denying his motion to suppress evidence seized from his apartment because the district court improperly concluded that the good faith exception set forth in United States v. Leon, 104 S.Ct. 3405 (1984), applied to cure the defective search warrant in this case. No reversible error has been shown; we affirm.

The Leon good faith exception is an exception to the exclusionary rule: the rule generally provides that "[e]vidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution."[1] United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002). We review de novo whether the Leon good faith exception applies to a search; but "the underlying facts upon which that determination is based are binding on appeal unless clearly erroneous." United States v. Norton, 867 F.2d 1354, 1360 (11th Cir. 1989) (internal quotation omitted).

The Leon good faith exception "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." Martin, 297 F.3d at 1313. Therefore, "in the absence of an allegation that the magistrate abandoned his detached and neutral

---

[1] We note that the government does not challenge the district court's decision that insufficient probable cause existed to support the search warrant for Lewis's apartment.

role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Leon, 104 S.Ct. at 3422. "[W]hen officers engage in objectively reasonable law enforcement activity and have acted in good faith when obtaining a search warrant from a judge or magistrate, the Leon good faith exception applies." Martin, 297 F.3d at 1313 (internal quotation omitted).

Here, Lewis argues that the Leon good faith exception does not apply because (1) the search warrant was so lacking in probable cause that officers' belief in the warrant's validity was unreasonable; and (2) the magistrate abandoned her judicial role in issuing the warrant. See id. (explaining the limited circumstances where the good faith exception will not apply). Lewis contends that the affidavit supporting the issuance of the warrant lacked an indicia of probable cause because the affidavit provided only conclusory statements. He also asserts that, by relying on this affidavit, the magistrate acted as a mere "rubber stamp."

We are unpersuaded by Lewis's arguments. The affidavit in this case stated, among other things, that (1) the attesting officer met with a confidential informant who told the officer about seeing marijuana sold out of Lewis's apartment as well as weapons in the apartment; (2) the informant agreed to conduct a controlled buy

3

of marijuana at Lewis's apartment; (3) the informant did not have drugs on him before completing the controlled buy; (4) the informant went to Lewis's apartment to complete the controlled buy; and (5) the informant later met with the officer at a predetermined location and gave marijuana to the officer. In addition, the officer's affidavit explained that these events occurred no more than 72 hours before execution of the affidavit.

Although the affidavit does not describe why the informant was reliable, it is clear that the attesting officer -- who received the tip about drug sales at Lewis's apartment during a meeting with the informant -- set up and knew of the controlled buy of drugs at Lewis's home. See Illinois v. Gates, 103 S.Ct. 2317, 2330-31 (1983) (recognizing that affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area."); United States v. Heard, 367 F.3d 1275, 1279 (11th Cir. 2004) (discussing that a face-to-face tip allows "officers receiving the information [to] have an opportunity to observe the demeanor and perceived credibility of the informant"). Based on the informant's description of marijuana sales at Lewis's apartment, the direction to complete a controlled buy at that location, and the time between the controlled buy and the issuance of the warrant, it was not objectively unreasonable

for officers to believe that a fair probability existed of finding contraband at that location. See Gates, 103 S.Ct. at 2330 (explaining that an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles [the informant's] tip to greater weight than might otherwise be the case"); see also United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."). Therefore, whether or not actual probable cause existed, the affidavit had an indicia of probable cause to justify a reasonable belief in the validity of the search warrant.

We also reject Lewis's contention that the magistrate issuing the warrant in this case abandoned her judicial role because, according to Lewis, the affidavit lacked a showing of probable cause. We have explained that the affidavit contained an indicia of probable cause; and we agree with the district court that the Leon good faith exception applies in this case.

We affirm the denial of Lewis's motion to suppress.

**AFFIRMED.**